# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-343V

|  |  |
|---|---|
| RONALD IVERSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 31, 2023 |

*Kathleen M. Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 30, 2022, Ronald Iverson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Table injury – Guillain-Barré syndrome as a result of his receipt of a flu vaccine on September 25, 2020. ECF No. 1. On April 28, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 43.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $38,785.15 (representing $35,339.85 for attorney's fees, plus $3,445.30 for costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed June 6, 2023 (ECF No. 49). In accordance with General Order No. 9, Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 34.

Respondent reacted to the motion on June 20, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3 (ECF No. 50). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Kathleen M. Loucks at the following rates: $365 per hour for time billed in 2021; $427 per hour for time billed in 2022; and $450 per hour for time billed in 2023. Attachment to Motion at 10-24.

The hourly rate requested for time billed in 2021 is reasonable, and consistent with the previously awarded rate for Ms. Loucks's time, and shall therefore be applied in this case. In prior decisions, however, she has been found eligible for the lesser rates of $370 per hour for her time billed in 2022, and $375 per hour for her time billed in 2023. *See L.D.* v. *Sec'y of Health & Hum. Servs.,* No. 22-0495V, 2023 WL 2776881 (Fed. Cl. Spec. Mstr. Apr. 4, 2023). I find no reason to deviate from such reasoned determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). This results in a reduction of attorney's fees to be awarded of **$2,355.15**.[3]

## ATTORNEY COSTS

Petitioner requests $3,445.30 in overall costs. Attachment to Motion at 23. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, with the exception of $250.00 that has not been substantiated with an independent bill or invoice, or reflected costs requested twice.[4] Attachment to Motion at 23. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow such costs, reducing the total amount of litigation costs to be awarded by **$250.00.**

---

[3] This amount consists of ($427 - $370 = $57 x 28.95 hours = $1,650.15) + ($450 - $375 = $75 x 9.40 hours = $705.00) = $2,355.15

[4] Petitioner submitted two copies of the same invoice dated Oct. 18, 2022; Invoice No. 46886. *See* attachment to Motion at 30-31, reflecting costs associated with Orthopaedic Associates of Duluth, P.A. Thus, I have reduced costs to be awarded accordingly, due to the duplicative invoice.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $36,180.00 (representing $32,984.70 in fees and $3,195.30 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel Kathleen M. Loucks.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]
**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.